UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHIE COSTANICH,

        Plaintiff(s),

    v.

STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES (DSHS), et al.,

        Defendant(s).

Case No. C05-0090

ORDER ON DEFENDANT'S MOTION FOR STAY AND ON PLAINTIFF'S MOTION TO STRIKE

This matter comes before the Court on Defendant's Motion for Stay and Plaintiff's Motion to Strike. (Dkt. No. 27 and Dkt. No. 32). Having considered the parties' Motions, opposition briefs, and all papers and documents pertinent to these filings, the Court has decided to GRANT Defendant's Motion for Stay and to DENY Plaintiff's Motion to Strike Defense Exhibits B and D. The purposes of judicial economy are best served by a stay in this matter and Defendant's observation that Exhibits B and D are useful to the Court as procedural records is correct.

## BACKGROUND

Plaintiff filed this case in the beginning of 2005, asserting a violation of her civil rights under 42 U.S.C. §1983 and state claims of intentional and negligent infliction of emotional distress. All of these claims stem from a revocation of her foster care license by the State of Washington Department of Social and Health Services ("DSHS"). Plaintiff claims that DSHS conducted a malicious investigation into accusations that she emotionally abused the children in her care and that the agency deprived her of her livelihood, her children, and has inflicted serious emotional and financial trauma upon her and her family. At the time this case was filed, the parties were in the midst of litigating in state Superior Court the issue of whether or not Plaintiff's

foster care license should have been revoked. The Court refrained from issuing s scheduling order during the pendency of that litigation, but held status conferences with the parties on May 13, 2005 and on November 7, 2005, in order to stay apprised of the progress of the state court action. On October 12, 2005, the Superior Court hearing the case related to this litigation issued an Order affirming the Administrative Law Judge's ruling that the allegations of child abuse that Plaintiff faced were unfounded. Defendant DSHS decided to appeal this ruling to the Washington State Court of Appeals and moved for a formal stay of this case pending the Appeals' Court's ruling.

ANALYSIS

Plaintiff claims that a stay is inappropriate in this case because Defendants have not met their burden of demonstrating that a stay is necessary. The Court disagrees. Generally, a district court has wide latitude to control its docket regarding civil actions. 28 U.S.C. § 1657. Additionally, federal courts have a duty not to interfere with state Court proceedings. Younger v. Harris, 401 U.S. 37, 43-44 (1971). This duty, however, is counterbalanced by a federal court's "virtually unflagging obligation" to exercise its jurisdiction that it possesses. Tucker v. First Maryland Savings & Loan Inc., 942 F. 2d 1401, 1407 (9th Cir. 1991). Here, the Court fears that proceeding with this case before the state Court of Appeals has a chance to hear the related state court action could result in this Court issuing rulings that may influence the state court action. At the very least, there is the possibility that any judgment reached in this case would have to be modified or completely vacated once the state Court of Appeals reaches its decision. For example, if this Court were to award damages on any of Plaintiff's claims and then the State Appeals Court issued a decision finding that the investigation into alleged child abuse by Plaintiff was founded, this Court would likely have to revisit its award.

Additionally, allowing the state court proceeding to come to a resolution could narrow some of the issues that Plaintiff or Defendant could viably put before this court. There is no need for this Court to make rulings on issues that may become moot depending on the outcome of

1  DSHS's appeal.

2  Finally, the Court recognizes Plaintiff's concern that a stay will cause her further hardship
3  and legal expenses. Although the Court empathizes with Plaintiff's difficult position, the Court
4  also observes that by staying this case, the Court is ensuring Plaintiff a more lasting result when
5  this case is finally able to proceed. As noted, if the Court were to proceed in this matter before
6  the state proceeding reaches finality, any award gained by Plaintiff could be ephemeral and cause
7  even greater hardship.

CONCLUSION

The Court STAYS the instant case and DENIES Plaintiff's motion to strike Defendants' Exhibits B and D, which have only served to develop the procedural record of this case for the Court. The Court orders the parties to submit a joint status report to it no later than ten (10) days after the issuance of a ruling in the related matter from the Court of Appeals or by January 18, 2007, whichever date comes first.

The Clerk is directed to send copies of this order to all counsel of record.

Filed this 27th day of January, 2006.

*(signature)*

Marsha J. Pechman
United States District Judge

- 3 -