UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHIE COSTANICH,<br><br>        Plaintiffs,<br><br>    v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES FOR THE STATE OF WASHINGTON, et al.,<br><br>        Defendants. | Case No. C05-0090MJP<br><br>ORDER GRANTING LEAVE TO AMEND AND DENYING REQUEST FOR STAY |

This matter comes before the Court on Plaintiff's motion for an order granting leave to amend her complaint. (Dkt. No. 55.) Defendants oppose the motion and request a temporary stay. (Dkt. Nos. 56 & 57.) Having considered Plaintiff's motion, Defendant's response (Dkt. No. 56), the supplemental declaration of Wendy Lux (Dkt. No 57), Plaintiff's reply (Dkt. No. 58), all documents submitted in support of the briefs, and the record herein, the Court GRANTS Plaintiff leave to amend and DENIES Defendant's request for a stay.

**Background**

This case arises from the State of Washington Department of Social and Health Services' ("DSHS") decision to revoke Plaintiff's foster care licence after making a finding that Plaintiff had emotionally abused her foster children. Plaintiff challenged the decision administratively and in state court, and also filed this action (in state court) alleging intentional infliction of emotional distress, negligent infliction of emotional distress, negligent investigation and improper removal of the foster children, and violations of Plaintiff's civil rights. Defendants removed this action to this Court and on January 27, 2006, this Court granted Defendants' motion to stay the proceedings

ORDER — 1

while the Washington Court of Appeals considered DSHS's appeal of the underlying case. After the parties informed the Court that the court of appeals had issued its decision in favor of Plaintiff, and that DSHS would not appeal that decision, the Court, on March 6, 2007, lifted the stay and issued a case scheduling order.

In the meantime, on February 22, 2007, Plaintiff filed a motion for reconsideration of the court of appeals' decision, which had found in favor of Plaintiff, but denied attorney's fees. On May 3, the court of appeals issued an order granting the motion for reconsideration. The court reinstated the superior court's award of attorney's fees and also awarded fees on appeal. The court concluded that "although DSHS was justified initially in its concerns about Constanich's use of profanity, the evidence before the ALJ shows that DSHS was not substantially justified in revoking her license once it became aware of the problems with [the] investigation." Costanich v. Washington State Dept. of Social Health Servs., Case No. 57214-8-1 (May 3, 2007 Wash. Ct. App.).

On April 17, 2007, Plaintiff filed a motion requesting leave to amend her complaint to include the torts of malicious prosecution and abuse of process and to update the facts section of the complaint. Defendants initially opposed the motion and requested a stay while the motion for reconsideration was pending in state court. After Defendants filed their opposition, the court of appeals ruled on the motion for reconsideration. Defendants request that the Court stay this action while DSHS decides whether to appeal the award of attorney's fees.

**Discussion**

Under Federal Rule 15(a), after a responsive pleading has been served, a party may amend her pleading only by leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). Leave to amend shall be freely given. Id. But the Court has discretion to deny a request to amend where amendment is futile, prejudicial, or sought in bad faith, or where there has been undue delay. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

Defendants argue that Plaintiff's request is made in bad faith. Defendants argue that the

ORDER — 2

nucleus of facts underlying the lawsuit have not changed and that Plaintiff continues to litigate the substantive issues that she wishes to add here in state court. But in moving for reconsideration in the court of appeals, Plaintiff sought reconsideration of the attorney's fees issue. In doing so, Plaintiff necessarily argued that DSHS's actions were not "substantially justified." See RCW 4.84.350 ("[A] court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust.") (emphasis added). In this action, Plaintiff seeks to add causes of action for abuse of process and malicious prosecution. Plaintiff should not be estopped here from bringing these tort claims just because these claims turn on a question similar to the one considered by the court of appeals. Plaintiff's amendment also appears to arise from her attorney's inexperience with litigating tort actions. Her attorney admits that she did not realize that the facts as originally plead constitute abuse of process and malicious prosecution. Plaintiff also alleges that DSHS has continued to abuse the state legal process since Plaintiff filed her complaint. Plaintiff's amendment seeks to address these issues and therefore her amendment is not made in bad faith. Moreover, the amendment is not prejudicial because plenty of time remains for additional discovery.[1] Because leave to amend must be freely given where justice so requires, and because Defendants have not shown prejudice or bad faith, the Court GRANTS Plaintiff leave to amend her complaint.

The Court concludes that a stay is not warranted under these circumstances. This case has already been stayed for over one year while the state court action was pending. The court of appeals has issued a decision and an order on reconsideration. This action will not languish any longer. Defendants' request for a stay is DENIED.

---

[1] Under the amended case scheduling order, the parties have until October 9, 2007, to complete discovery. (Dkt. No. 53.)

ORDER — 3

**Conclusion**

Plaintiff's request to amend her complaint is GRANTED. Defendants' request for a stay is DENIED. The Clerk is directed to send copies of this order to all counsel of record.

Filed this 22nd day of May, 2007.

Marsha J. Pechman
United States District Judge

ORDER — 4