UNITED STATES OF AMERICA

WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KATHIE COSTANICH,<br><br>        Plaintiffs,<br><br>   v.<br><br>DEPARTMENT OF SOCIAL AND HEALTH SERVICES FOR THE STATE OF WASHINGTON, et al.,<br><br>        Defendants. | Case No. C05-0090MJP<br><br>PROTECTIVE ORDER |

This matter comes before the Court on Plaintiff's motion for a protective order. (Dkt. No. 75.) Plaintiff requests that the Court prevent Defendant Department of Social and Health Services (DSHS) from deposing her two minor daughters. Defendants oppose the motion. (Dkt. No. 81.) Having considered the motion and response, Plaintiff's reply (Dkt. No. 83), Defendants' surreply (Dkt. No. 85), all documents submitted in support thereof and the record herein, the Court GRANTS the protective order.

**Background**

This case arises from the State of Washington Department of Social and Health Services' ("DSHS") decision to revoke Plaintiff's foster care licence after making a finding that Plaintiff had emotionally abused her foster children. Plaintiff challenged the decision administratively and in state court, and also filed this action (in state court) alleging intentional infliction of emotional distress, negligent infliction of emotional distress, negligent investigation and improper removal of the foster children, and violations of Plaintiff's civil rights. Defendants removed this action to this Court and on January 27, 2006, the Court granted Defendants' motion to stay the proceedings

ORDER — 1

while the Washington Court of Appeals considered DSHS's appeal of the underlying case. After the parties informed the Court that the court of appeals had issued its decision in favor of Plaintiff, and that DSHS would not appeal that decision, the Court, on March 6, 2007, lifted the stay and issued a case scheduling order. With leave of Court, Plaintiff twice amended her complaint, first to add abuse of process and malicious prosecution claims, and second to request attorneys fees. (Dkt. Nos. 65, 84.) Trial is scheduled for February 4, 2008, and discovery closed on October 9, 2007. (Dkt. No. 53.)

On September 25, 2007, Defendants sent Plaintiff's counsel a letter informing Plaintiff of Defendants' intention to depose E.N. and B.N., Plaintiff's foster children and the subject of the abuse allegations in the underlying state court lawsuit. On October 2, Defendants sent a videotape deposition subpoena to E.N. and B.N.[1] (See Dkt. No. 81-2, Lux Decl., Exs. A & B.) In an October 1 teleconference, Plaintiff's counsel informed Defendants that she would not produce the girls for deposition. (Lux Decl. ¶ 4.) On October 4, Plaintiff filed the instant motion for protective order. (Dkt. No. 75.) As far as the Court is aware, E.N. and B.N. have not been deposed. Plaintiff requests that the Court issue a protective order preventing Defendants from deposing E.N. and B.N., moves to strike the declarations attached to Defendants' response, and requests terms.

**Discussion**

**A.     Motion to Strike**

In her response, Plaintiff moves to strike the declarations of Wendy Lux and Halei Young, which were attached to Defendants' response. Plaintiff has offered no support for this request, except for a statement that the exhibits are "lengthy," include "new allegations" and "more hearsay." The Court will not strike entire declarations and exhibits based on these generalized allegations. The motion to strike is DENIED.

---

[1] The day prior, Defendants erroneously sent E.N. and B.N. notices of a perpetuation deposition. (Lux Decl., Exs. A & B; Def's Resp. at 5.)

ORDER — 2

### B. A Protective Order is Warranted

Federal Rule of Civil Procedure 26(c) authorizes the Court to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" including that discovery not be had or that the disclosure or discovery may be had only on specified terms and conditions. Plaintiff argues that deposing E.N. and B.N. would be oppressive and that the burden imposed by the depositions outweighs any beneficial information to be gained. Defendants argue that the girls' testimony is relevant to their defense in this suit.

The Court concludes that a protective order should issue. Plaintiffs' claims are rooted in Defendants' prosecution of a case of child abuse against Plaintiff; they do not investigate the legitimacy of E.N. and B.N.'s complaints or allegations against Plaintiff. Moreover, the parties have already developed an administrative and state court record in the underlying action. See Costanich v. DSHS, 138 Wn.App. 547 (2007). Plaintiff explains, and Defendants do not dispute, that the administrative record includes testimony from the Plaintiff, her husband, all of the children's doctors, therapists, counselors, and aides, various DSHS employees, foster parents, foster parent liaisons, and two experts on fetal alcohol syndrome. (Plf's Mot. at 6.) Given the already-developed record and the nature of Plaintiff's claims here, it is unnecessary to subject these two children to potentially traumatizing questioning about their relationship with their foster parent, including questions about allegations of abuse, in the context of this action.

Defendants argue that they should be able to depose the girls based on E.N.'s recent allegation of abuse against Plaintiff Costanich. On July 9, 2007, the Kalispell tribe, of which E.N. is a member, made a referral to DSHS based on E.N.'s recent allegation that Ms. Costanich hit her, pulled her hair, threatened her, and threatened her pets. (Young Decl. ¶ 2.) The Court has already ruled that Defendants may not seek discovery regarding any current investigation into the Costanich household. (See Minute Order, Dkt. No. 80.) Defendants argue, however, that current allegations of abuse, if valid, "would make the Defendants' position that they were justified in

ORDER — 3

their original finding of emotional abuse more probable." (Def's Resp. at 7.) The Court disagrees. Current allegations are not relevant to the specific claims here, which relate to DSHS's 2001 investigation and subsequent prosecution of emotional abuse in the Costanich home. (See Second Amended Compl., Dkt. No. 84.) And even if the current allegations are valid, they do not make true or even support prior allegations. The two sets of allegations and investigations are completely unrelated.

Therefore, because a record has already been developed, because Plaintiffs' claims focus on DSHS's investigation and prosecution rather than the legitimacy of the girls' allegations in the underlying matter, and because new allegations of abuse are irrelevant, the Court concludes that depositions of E.N. and B.N. would be duplicative and oppressive. The motion for protective order is therefore GRANTED. Defendants may not depose E.N. or B.N.[2]

**C.   Terms are Not Warranted**

Plaintiff requests terms for having to respond to Defendant's "oppressive 134 page response," which included DSHS's new and old allegations. But Defendants' response brief fell within the page limitation imposed by local rule, see Local Civil Rule 7(e), and the local rules set no limit on the number of pages that may be submitted as exhibits. In addition, Plaintiff fails to provide legal support for her fee request. The request for terms is DENIED.

**Conclusion**

The motion for protective order is GRANTED. Defendants may not depose E.N. or B.N.

The clerk is directed to send copies of this order to all counsel of record.

Marsha J. Pechman
United States District Judge

---

[2] Because the Court concludes that the depositions should be prohibited, the Court need not consider Plaintiff's additional arguments that (1) the deposition notices were insufficient, (2) that E.N. and B.N. are not competent to testify, and (3) that collateral estoppel bars re-litigation of the state court case.

ORDER — 4