UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHIE COSTANICH,

          Plaintiff,

v.

WASHINGTON STATE DEPARTMENT OF
SOCIAL AND HEALTH SERVICES, et al.,

          Defendants.

No. C05-0090MJP

ORDER DENYING FIRST MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff's first motion for reconsideration. (Dkt. No. 134.)[1] Plaintiff asks the Court to reconsider its February 19, 2008, order granting in part Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment. (See Dkt. No. 130.) Having considered Plaintiff's motion and the record herein, the Court DENIES the motion for reconsideration.

Under Local Civil Rule 7(h), the Court will deny motions for reconsideration unless there is a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to the Court's attention earlier with reasonable diligence. Although Plaintiff challenges the Court's order on multiple grounds, Plaintiff fails to show — for any of those grounds — that the Court manifestly erred in its prior ruling.

---

[1] Plaintiff filed a second Motion for Reconsideration (Dkt. No. 135) three days after the motion which is the subject of this order.

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 1

1    First, Plaintiff argues that the Court erred in denying Plaintiff's request that the Court apply collateral estoppel to the findings or decisions of the state agency and state courts. Plaintiff cites Seattle-First Nat'l Bank v. Kawachi, 91 Wn.2d 223, 225-26 (1978), for the proposition that collateral estoppel prevents relitigation of issues between the parties, even though a different claim or cause of action is asserted. (See Mot. at 3.) The Court applied that same legal rule in its analysis and held that collateral estoppel was inappropriate "because the issues considered by the agency and the state courts are not identical to the issues presented here." (Feb. 19, 2008 Order at 11.) Reconsideration on this issue is DENIED.

Second, Plaintiff suggests that Defendants never disputed Plaintiff's version of the facts underlying her claims and that under Fed. R. Civ. P. 8(b)(6), the Court should have accepted Ms. Costanich's version of the facts. Plaintiff also suggests that the Court made "findings" in its summary judgment order and accepted Defendants' version of the facts. On summary judgment, the Court may not make findings, must accept the non-moving party's evidence, and must draw all reasonable inferences in favor of the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The Court did not deviate from this well-known standard in its analysis. The Court acknowledges, however, that one paragraph in the Court's order could be read in a way that suggests the Court accepted the social worker's version of events. On page 2 of the Court's order, the Court recounted the children's statements as reported by the social worker, Sandra Duron, in her investigation reports. The Court will amend the summary judgment order to make even more clear that the Court was not making "findings" about what the children stated, but instead was recounting what Ms. Duron reported. To that end, the February 19, 2008 Order, page 2, lines 17-22, shall be amended to read as follows:

> Plaintiff's allegations in this case focus on Sandra Duron's investigation of the allegations of child abuse. Ms. Duron interviewed each of the foster children in Plaintiff's home. Ms. Duron reported that all but one of the children stated that Ms. Costanich used profanity regularly. (Id. ¶¶ 3-4 & Exs. B & D.) She reported that some of the children alleged that Ms. Costanich directed the profanity at the children (see id.) and that Ms. Costanich used physical violence towards some of the children and put urine-soaked sheets in P.'s face. (Id., Ex. D.)

Plaintiff also suggests that the Court must accept her perspective on the facts — that Ms. Duron "lied, maliciously, knowingly, recklessly, [that] the others knew that Duron was untruthful, and [that] the evidence is undisputed that Duron lied." (Mot. at 5.) The Court does not have to accept Ms. Costanich's interpretation of the underlying facts; the Court need only look at the evidence presented and interpret that evidence in the light most favorable to Ms. Costanich. The Court has resolved all inferences in favor of Ms. Costanich, but will not stretch the facts presented beyond reasonable interpretation.

Third, Plaintiff argues that the Court erred in its absolute immunity analysis. Relying on <u>Butz v. Economou</u>, 438 U.S. 478 (1978), and the reasoning in <u>Hannum v. Friedt</u>, 88 Wn. App. 881 (1997), and <u>Gensburg v. Miller</u>, 31 Cal. App. 4th 512 (1995), the Court determined that Defendants Duron, McKinney, and Bulzomi deserve absolute immunity for the revocation of Ms. Costanich's foster care license. Plaintiff relies on <u>Beltran v. Santa Clara County</u>, 2008 U.S. App. LEXIS 1331 (9th Cir. January 24, 2008) in arguing that the Court erred in its analysis. But <u>Beltran</u> did not involve the revocation of a license and therefore is distinguishable. The motion to reconsider this issue is DENIED.

Fourth, Plaintiff argues that the Court erred when it granted Defendants qualified immunity from her 42 U.S.C. § 1983 claims. Plaintiff relies on <u>Wall v. County of Orange</u>, 364 F.3d 1107 (9th Cir. 2004) for the proposition that the Court may not accept a defendant's version of the facts in determining whether, on summary judgment, the defendant deserves qualified immunity. The Court's order did not run afoul of this well-established rule. The Court looked at the facts presented by Plaintiff and concluded that, even taken in the light most favorable to Plaintiff, they did not show that Defendants "continued their investigation of [Plaintiff] despite the fact that they knew or should have known that [she] was innocent." (Order at 18.) That was the showing that Plaintiff needed to make to defeat qualified immunity, see <u>Devereax v. Abbey</u>, 263 F.3d 1070, 1076 (9th Cir. 2001), and she did not do so. Nor does Plaintiff even dispute that she never identified a clearly established constitutional right that Defendants violated and that such identification is required to defeat a grant

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 3

of summary judgment on qualified immunity. See Shohone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d 1278, 1285 (9th Cir. 1994). The motion to reconsider the Court's qualified immunity analysis is DENIED.

Finally, Plaintiff argues that it was "manifest error to deny Costanich's due process claim." (Mot. at 6.) But because Defendants were entitled to immunity, Plaintiff could not proceed with her falsification-of-evidence claim. And to the extent that Plaintiff is also alleging a procedural due process claim (which remains unclear), Plaintiff prevailed by using the state's procedure to challenge the agency's decisions, and therefore summary judgment on the procedural due process claim was warranted.

**Conclusion**

The Court did not manifestly err in denying Ms. Costanich's motion for summary judgment and granting in part Defendants' motion. The motion for reconsideration is DENIED.

The clerk is directed to send copies of this order to all counsel of record and to amend the Court's February 19, 2008 Order as directed on page 2 of this order.

Dated: March 7, 2008.

Marsha J. Pechman
United States District Judge

ORDER DENYING FIRST MOTION FOR RECONSIDERATION - 4